UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
HARVEY EUGENE SEARLES, SR.,                    CASE NO. 2:06cv11873

                Petitioner.                    PAUL D. BORMAN
                                                               UNITED STATES DISTRICT JUDGE
_____/

**ORDER**
**SUMMARILY DISMISSING HABEAS CORPUS PETITION,**
**DENYING A CERTIFICATE OF APPEALABILITY**,
**AND**
**DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

**I.  Introduction**

Petitioner Harvey Eugene Searles, Sr., has filed a petition for the writ of habeas corpus under 28 U.S.C. § 1651 (the All Writs Act) and 28 U.S.C. § 2254. Petitioner has been convicted of one count of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(b). He was sentenced on June 20, 1994, to imprisonment for twenty-six to fifty years. On August 2, 1996, the Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *See People v. Searles*, No. 176611, 1996 WL 33362209 (Mich. Ct. App. Aug. 2, 1996) (unpublished opinion). Petitioner apparently did not seek leave to appeal in the Michigan Supreme Court.

On or about January 31, 2006, Petitioner filed a motion for summary disposition in the trial court. The motion alleged that the felony complaint did not satisfy the statutory requirements, that probable cause did not exist for issuing the arrest warrant, and that the trial court did not have subject matter jurisdiction over Petitioner's criminal case. On February 23, 2006, the trial court denied Petitioner's motion on the grounds that Petitioner relied on the Michigan Court Rules, which apply only to civil actions, and that Petitioner's claims were issues

for the Michigan Court of Appeals to decide.

Instead of appealing the trial court's order, Petitioner submitted the pending habeas corpus petition, which was filed by the Clerk of Court on April 20, 2006. The habeas petition and exhibits allege that there was no probable cause to arrest Petitioner and, therefore, he was illegally bound over for trial and the trial court lacked subject matter jurisdiction over his case. Because it appeared to the Court that Petitioner had not exhausted state remedies for his claims and did not comply with the statute of limitations, the Court ordered him to show cause why his petition should not be dismissed.[1]

Petitioner recently filed an answer to the Court's order. He argues that the Court should dispose of this matter without regard to "procedural mazes" because the state court never acquired subject matter jurisdiction of his case and, therefore, the state court judgment is void. Petitioner asserts that he did not exhaust state remedies for his claims because he does not have an available state remedy to exhaust. Petitioner claims that the state appellate courts charge $375.00 to file an appeal and that he is unable to pay that amount.

## II. Discussion

### A. Exhaustion of State Remedies

State prisoners must "fairly present" their claims in each appropriate state court, including a state supreme court with powers of discretionary review, before seeking a federal writ of habeas corpus. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Petitioner raised his habeas claims in the trial court, but he concedes that he did not present his claims to both the Michigan

---

[1] "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, __ U.S. __, __, 126 S. Ct. 1675, 1684 (2006).

Court of Appeals and the Michigan Supreme Court. His claims are unexhausted because they were not raised at all levels of state court review. Although Petitioner alleges that he cannot afford to pay the state appellate filing fee, he may not "circumvent the exhaustion requirement by failing to comply with state procedural rules." *Coleman v. Mitchell,* 244 F. 3d 533, 538 (6th Cir. 2001).

Ordinarily, courts must dismiss a habeas petition containing unexhausted claims so that the petitioner can return to state court or amend his habeas petition to delete the unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). The exhaustion requirement, however, "is not a jurisdictional one but rather is an issue of comity between federal and state courts." *White v. Mitchell,* 431 F.3d 517, 526 (6th Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 684 (1984), and *Duckworth v. Serrano,* 454 U.S. 1, 4 (1981)).

Petitioner's claims lack merit or are not cognizable on habeas review and are barred by the statute of limitations. Consequently, the Court declines to dismiss the habeas petition without prejudice for failure to exhaust state remedies. The Court's dismissal is *with* prejudice for the following reasons.

### B. The Statute of Limitations

A one-year statute of limitations applies to habeas petitions brought by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially

3

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations ordinarily begins to run under § 2244(d)(1)(A) when "the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired." *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (citing *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000)).

The Michigan Court of Appeals affirmed Petitioner's conviction on August 2, 1996, and Petitioner apparently did not apply for leave to appeal in the Michigan Supreme Court. His conviction, therefore, became final fifty-six days after August 2, 1996, when his ability to file an appeal in the Michigan Supreme Court expired. *See* Mich. Ct. R. 7.302(C)(2) and (3) (stating that an application for leave to appeal in the Michigan Supreme Court must be filed within fifty-six days of the court of appeals decision in criminal cases and that late applications will not be accepted); *see also Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (stating that, because the petitioner did not file an application for leave to appeal his conviction in the Michigan Supreme Court, the one year limitations period began to run when the time expired for seeking leave to appeal with the Michigan Supreme Court).

The deadline for filing an appeal in the Michigan Supreme Court was September 27, 1996. The statute of limitations began to run on the following day. *See* Fed. R. Civ. P. 6(a); *Bronaugh*, 235 F.3d at 284-85. Petitioner filed his habeas corpus petition over nine years later on April 20, 2006. Because he did not comply with the one-year limitations period, his habeas petition is time-barred, absent tolling.

The time during which a "properly filed" post-conviction motion in state court is pending may not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). Petitioner's motion for summary disposition, filed in 2006, did not toll the statute of limitations because the one-year limitations period expired before he filed the motion. *Hargrove v. Brigano*, 300 F.3d. 717, 718 n.1 (6th Cir. 2002).

Equitable tolling applies to the habeas statute of limitations, *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001), but Petitioner has not alleged any basis for concluding that the limitations period should be equitably tolled. He has not carried his burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

### C. The Merits of Petitioner's Claim

Petitioner's claims are not cognizable and lack merit in addition to being unexhausted and untimely. Fourth Amendment claims are not cognizable on habeas review when, as here, the State provided an opportunity for full and fair litigation of the claims. *Stone v. Powell*, 428 U.S. 465, 482 (1976). Petitioner's jurisdictional claim also is not cognizable here, because "[d]etermination of whether a state court [wa]s vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). Finally, the contention that Petitioner was bound over to circuit court on insufficient evidence lacks merit because "illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).

### III. Conclusion

Petitioner's claims are unexhausted, are barred by the statute of limitations, and lack merit or are not cognizable on habeas review.  Accordingly, the habeas petition [Doc. #1, Apr. 20, 2006] is summarily DISMISSED WITH PREJUDICE, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court declines to issue a certificate of appealability or to grant leave to proceed *in forma pauperis* on appeal because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Nor would reasonable jurists find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the Court's procedural ruling was correct.  *Id.*

**SO ORDERED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 12, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 12, 2006.


s/Denise Goodine
Case Manager